UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yehoshua Ostroy, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CREDIT CONTROL, LLC<br><br>Defendants. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff YEHOSHUA OSTROY (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant CREDIT CONTROL, LLC., individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, *et seq*. ("FDCPA").

1

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a corporation with an office located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed to or allegedly owed to DERMPATH DIAGNOSTICS, in which the Defendant improperly failed to provide proper validation notices, in violation of 15 U.S.C. §1692 *et seq*.

    - The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:
    a.  Whether Defendant violated various provisions of the FDCPA;
    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to March 15, 2016, an obligation was allegedly incurred by Plaintiff.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. Dermpath Diagnositics, directly or through an intermediary, contracted Defendant to collect the alleged Dermpath Diagnositics debt.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. In its effort to collect on the Dermpath Diagnositics obligation, Defendant mailed a series of Collection Letters to Plaintiff.

22. On or about March 15, 2016, Defendant mailed a Collection Letter to Plaintiff which asserted that the account balance of $35.00 was due and owing to Defendant.

23. On the right hand side of that letter it states:

    "Total Amount Due as of Charge Off: Not Available

    Total Amount of Interest Accrued since Charge off: Not Available

    Total Amount of Non-Interest Charge's or Fee's accrued since charge off: Not Available

    Total Amounts of Payments made since Charge Off: Not Available."

24. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

28. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

29. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

30. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

31. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

32. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

33. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

34. Defendant's March 15, 2016 letter to Plaintiff fails to identify any creditor to whom the debt is owed.

35. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor."

36. Defendant's letter merely states, "Our Client: Dermpath Diagnositics"

37. The letter fails to indicate whether the "Our Client:" refers to the Plaintiff's creditor.

38. The letter fails to indicate whether the "Our Client:" refers to the creditor to whom the debt is owed.

39. The letter fails to indicate whether the "Our Client:" refers to the original creditor or the current creditor to whom the debt is owed.

40. Defendant's letter states, "The Account Listed above has been placed with this office for collection."

41. The letter fails to indicate who referred the account to Defendant.

42. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

43. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

44. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

45. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

46. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

47. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

48. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## Second Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations as to the Name of the
## Creditor to Whom the Debt is Owed

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

52. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

53. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

54. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

55. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

56. The least sophisticated consumer would likely be deceived by Defendant's conduct.

57. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

58. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## Third Count
## Violation of 15 U.S.C. § 1692e, *et seq*
## Validation of Debts

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

61. One such request is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

62. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

63. In the letter dated March 15, 2016, it states "amount due: 35.00"

64. Then right next to that it states "Total Amount due as of charge off: Not available."

65. Defendant has violated § 1692g as it failed to clearly and explicitly state the amount due on the debt as required by the FDCPA.

66. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

67. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

9

## Fourth Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations as to the amount owed

68. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

69. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

70. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

71. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

72. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

73. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the amount of the debt is unfair and deceptive to the least sophisticated consumer.

74. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

75. The least sophisticated consumer would likely be deceived by Defendant's conduct.

76. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

77. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ibrahim Abohamra, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 27, 2016

                                                Respectfully submitted,

                                                By:  /s/ Ibrahim Abohamra
                                                Ibrahim Abohamra, Esq.
                                                Sirotkin Varacalli & Hamra, LLP
                                                110 East 59th Street, Suite 3200
                                                New York, New York 10022
                                                Phone: (646) 590-0571
                                                *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Ibrahim Abohamra*
Ibrahim Abohamra, Esq.

Dated:  April 27, 2016